UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TONJA G. DELAINE, | CASE NO. 4:06 CV 2148 |
| Plaintiff, | JUDGE PETER C. ECONOMUS |
| v. | |
| MAHONING COUNTY PROSECUTORS OFFICE, et al., | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants. | |

On September 6, 2006, plaintiff <u>pro se</u> Tonja G. Delaine filed this <u>in forma pauperis</u> action under 42 U.S.C. § 1983 against the Mahoning County Prosecutor's Office and the Boardman Police Department. The complaint alleges plaintiff was assaulted in 2003 by an employee of a car dealership, and that defendants declined to press charges against the alleged perpetrator. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, prosecutors are immune from liability for actions taken within the scope of their official duties, Imbler v. Pachtman, 424 U.S. 409 (1976), including decisions not to prosecute.  Fields v. Soloff, 920 F.2d 1114 (2d Cir. 1990); Maynard v. Kear, 474 F.Supp. 794 (N.D.Ohio 1979).  Further, refusal to investigate an alleged crime, by itself, is not a civil rights violation.  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); McDonald v. Illinois, 557 F.2d 596, 602 (7th Cir. 1977).  Moreover, it is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, it is evident on the face of the complaint that the statute of limitations for bringing a section 1983 claim expired well before plaintiff filed this action.  Browning v. Pendleton, 869 F. 2d 989 (6th Cir. 1989)(Ohio's two year statute of limitations for bodily injury applies to section 1983 claims).  There would thus be no purpose in allowing this matter to go

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

forward, in view of the fact that it is clearly time-barred. See, Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se section 1983 action filed after two year statute of limitations for bringing such an action had expired); see also, Ashieqbu v. Kim, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998)(section 1915(e) sua sponte dismissal is appropriate where claim is barred by statute of limitations).

      Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                                S/Peter C. Economus - 10/25/06
                                PETER C. ECONOMUS
                                UNITED STATES DISTRICT JUDGE